UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-3305(DSD/HB)

Asche & Spencer Music, Inc.,

      Plaintiff

v.                                                                **ORDER**

Principato-Young Entertainment, Inc.,
Kids At Play LLC, and Electus, LLC,

      Defendant.

    Scott R. Carlson, Esq. and DC Law Chartered, 3500 American Blvd., Suite 460, Minneapolis, MN 55437, counsel for plaintiff.

    Peter M. Routhier, Esq. ad Faegre Baker Daniels LLP, 90 South 7th Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendants Principato-Young Entertainment, Inc., Kids At Play, LLC, and Electus, LLC.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This copyright dispute arises out of defendants' alleged use of musical compositions created by plaintiff Asche & Spencer Music, Inc.  Asche writes, records, produces, and mixes its own music. Compl. ¶ 2.  It has created an online music collection available for license.  Id.

Defendants host a web series titled "Reluctantly Healthy" (the Show). Id. ¶ 14. On June 10, 2014, defendants contacted Asche and expressed interest in securing a license for works to be used in the Show. Id. However, defendants had already been using Asche's works, or derivations thereof, on the Show without Asche's permission. Id. ¶ 15. On further investigation, Asche alleges that it discovered over 400 unauthorized uses of "approximately 20" of its works spread across 119 episodes of the Show. Id. ¶¶ 1, 9, 15-16; see also id. Ex. A (compiling a list of the alleged infringements).

On June 3, 2015, Asche filed an application for registration with the United States Copyright Office. Id. ¶ 10. The Copyright Office has not yet made a decision with respect to the application.

On August 17, 2015, Asche filed a complaint alleging one count of copyright infringement. Defendants now move to dismiss.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded]

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

## II. Copyright Registration

This motion turns on the question of whether a plaintiff can institute a civil action for infringement once it has filed an application for copyright registration (the Application Approach), or whether the plaintiff must wait for a decision from the Copyright Office (the Registration Approach). The Eighth Circuit has not directly addressed that question.[1] Other circuits are split on the issue. The Fifth, Seventh, and Ninth Circuits have adopted the Application Approach. Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984); Chicago Bd. of Educ.

---

[1] In Action Tapes, Inc. v. Mattson, the Eighth Circuit noted that "the copyright owner may not sue for infringement under the federal Copyright Act until the owner has delivered 'the deposit, application, and fee required for registration' to the United States Copyright Office." 462 F.3d 1010, 1013 (8th Cir. 2006) (quoting 17 U.S.C. § 411(a)). However, the central issue in Action Tapes was did not involve whether the filing of an application suffices.

3

v. Substance, Inc., 354 F.3d 624, 631 (7th Cir. 2003); Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 621 (9th Cir. 2010).  The Tenth and Eleventh Circuits have adopted the Registration Approach.  La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1202-04 (10th Cir. 2005); M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 (11th Cir. 1990), abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010).[2]  As explained below, the court is persuaded that the Registration Approach is the approach most consistent with the relevant statutory language.

In interpreting a statutory provision, the court begins with the plain language of the statute.  United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989).  Section 411(a) of the Copyright Act of 1976 provides, in relevant part:

> [N]o civil action for infringement of the copyright in any United States work shall be instituted until ... registration of the copyright claim has been made in accordance with this title.  In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

---

[2] In Reed Elsevier, the Supreme Court addressed whether 17 U.S.C. § 411(a) "deprives federal courts of subject-matter jurisdiction to adjudicate infringement claims involving unregistered works." 559 U.S. at 158. The parties do not dispute the court's jurisdiction.

17 U.S.C. § 411(a) (emphasis added).³  The first sentence of § 411(a) establishes that a plaintiff must have registered its copyright before it can initiate a civil action for infringement of the copyright.  The second sentence provides that the Copyright Office bears the active burden of registering a copyright or refusing such registration.  In other words, "registration" refers not to the act of application for registration, but rather the Copyright Office's determination as to whether the subject matter is copyrightable.

That interpretation of § 411(a) is supported by § 410(a), which states:

> When, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the <u>material deposited</u> constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register <u>shall register the claim</u> and issue to the applicant a certificate of registration under the seal of the Copyright Office.

<u>Id.</u> § 410(a) (emphasis added).  Again, the language juxtaposes registration with the separate act of submitting the application. Section 410(a) establishes that application alone does not equate to registration.

That conclusion is reaffirmed by § 410(d), which provides, "The effective date of a copyright registration is the day on which

---

³ "Registration" is defined as "a registration of a claim in the original or the renewed and extended term of copyright." 17 U.S.C. § 101.

5

an application, deposit, and fee, which are later <u>determined by the Register of Copyrights</u> or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." 17 U.S.C. § 410(d) (emphasis added). The language again contrasts registration with the separate act of application. Moreover, if an application equated to registration, there would be no need for the effective date to relate back to the date of application. <u>See</u> <u>id.</u> Therefore, the plain language of § 411(a), reinforced by other subsections of the Act, supports the conclusion that a plaintiff cannot file a civil action for copyright infringement until it has either (1) obtained registration from the Copyright Office or (2) been denied such registration.

The court also notes that the Copyright Office has explicitly adopted the Registration Approach:

> The mere submission of an application to the U.S. Copyright Office does not amount to a registration.... The statute and the legislative history, when read together, clearly evince Congress's intention that the Register of Copyrights must either issue a certificate of registration or refuse an application for registration prior to filing a suit for copyright infringement.

U.S. Copyright Office, <u>Compendium of U.S. Copyright Office Practices</u> § 625.5 (3d ed. 2014), <u>available at</u> copyright.gov/comp3/. The court owes deference to the Copyright Office. <u>See, e.g.</u>, <u>Varsity Brands, Inc. v. Star Athletica, LLC</u>, 799 F.3d 468, 479 (6th

6

Cir. 2015) (discussing various standards of deference to the Copyright Office); Garner v. Sawgrass Mills Ltd. P'ship, No. 3-94-CV-307, 1994 WL 829978, at *8 n.5 (D. Minn. Dec. 22, 1994) ("[C]ourts ordinarily defer to the judgment of the Copyright Office."); see also Bonneville Int'l Corp. v. Peters, 347 F.3d 485, 490 (3d Cir. 2003) ("[W]e do not need to decide whether Chevron or Skidmore deference should apply to our review of the Copyright Office's interpretation of § 114(d)(1)(A).  We come to this conclusion because, whichever standard of deference is accorded, we agree with the Copyright Office.").

Asche argues that, if the court adopts the Registration Approach, an absurd result will follow.  See Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982) ("[I]nterpretations of a statute which would produce absurd results should be avoided if alternative interpretations consistent with the legislative purpose are available.").  Asche argues that it should not have to wait for a decision from the Copyright Office because it will be able to file its action for infringement regardless of whether its claim is registered or denied.  See 17 U.S.C. § 411(a) (allowing a plaintiff to file a civil action for infringement once "registration of the copyright claim has been made" or, "[i]n any case," after "registration has been refused").  Asche argues that delaying the date on which a copyright owner can sue is a senseless formality. The court disagrees.

7

When Congress enacted the Copyright Act of 1976, it valued a robust federal catalog of copyrights and sought to induce registration. See H.R. Rep. No. 94-1476, at 158 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5774 ("Copyright registration for published works, which is useful and important to users and the public at large ... should therefore be induced in some practical way."). A robust catalog allows the public at large to examine works already copyrighted and determine whether a new work may in fact be infringing on an already copyrighted work.

Further, Congress wanted to encourage copyright holders to proactively apply to register their works soon after publication, rather than wait until it became necessary to sue an infringer. To this end, Congress included statutory incentives that confer benefits on copyright holders for applying to register their works and, more important, for doing so promptly after publication. For example, § 412 states that "no award of statutory damages or of attorney's fees ... shall be made for ... any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." Provisions like § 412 elucidate Congress' intent to encourage proactive registration and discourage plaintiffs from waiting until they bring a lawsuit for infringement.

The Registration Approach also furthers Congress' intent that the Copyright Office have an opportunity to comment on whether a work warrants registration. That intent is acknowledged by the Copyright Office:

> Not only would the filing of a lawsuit solely on the basis of submission of an application eliminate the mediating role that Congress intended the Office to fulfill, it also would nullify the Register of Copyrights' statutory right to intervene in an infringement action in cases where the application for registration has been refused.

U.S. Copyright Office, <u>Compendium of U.S. Copyright Office Practices</u>, <u>supra</u> § 625.5. The Register of Copyrights has the right to become a party to any action where the Register has previously refused registration. 17 U.S.C. § 411(a). Allowing a plaintiff to commence - and potentially conclude - a civil action for infringement before the Register has even issued a registration or denial circumvents Congress' intent to give the Copyright Office the opportunity to comment on a plaintiff's claim.

The Registration Approach also provides clarity once litigation begins, as evidenced here. Asche alleges that defendants have infringed on the copyrights of "approximately 20 different musical compositions." Compl. ¶ 1. Asche's burden depends on the Copyright Office's decision as to which compositions will be registered and how they will be classified. That decision will control whether Asche must prove the elements of copyrightability or whether it can simply present a certificate of

registration.  Only the Registration Approach neatly defines the scope of litigation.

Asche next argues that the Registration Approach leads to an absurd result because the statue of limitations could pass on its claim while it awaits a decision.  The Copyright Act's statute of limitations states, "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  Claims accrue when the plaintiff discovers the infringement. Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC, 780 F. Supp. 2d 916, 920 (E.D. Mo. 2011) (citing Roley v. New World Pictures, 19 F.3d 479, 481 (9th Cir. 1994)).  Given that the Copyright Office takes 8-13 months to process a copyright claim, a plaintiff who discovers an infringing act and promptly files an application will not be barred by the statute of limitations. See U.S. Copyright Office, Frequently Asked Questions about Copyright, copyright.gov/help/faq/faq-what.html (last visited Nov. 24, 2015). Plaintiffs can also request "special handling" by the Copyright Office, under which "every attempt is made to process the claim ... within five working days."  U.S. Copyright Office, Special Handling (Feb. 2013), available at copyright.gov/circs/circ10.pdf. Thus, a plaintiff who discovers an infringing act and files an application will be able to bring a civil action for infringement.

Asche also argues that the Registration Approach reaches an

absurd result because it allows a party to continue to infringe while the plaintiff awaits the Copyright Office's decision. See Cosmetic Ideas, 606 F.3d at 619 (critiquing the Registration Approach because it "permit[s] an infringing party to continue to profit from its wrongful acts"). But claims for infringement continue to accrue so long as an infringing party continues to infringe. Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1969 (2014). Accordingly, an infringing party will be liable for any continued infringement and the Registration Approach does not lead to an absurd result.

Before filing its civil action for infringement, Asche obtained neither registration nor denial of registration from the Copyright Office. Under the Registration Approach, § 411(a) requires a determination by the Copyright Office before the claim can proceed. As a result, Asche's claim for copyright infringement must be dismissed.

Asche should come back before this court if it intends to pursue a claim after the Copyright Office's decision. The court has familiarized itself with the parties and the nature of this lawsuit. In the interests of judicial economy and securing a "just, speedy, and inexpensive determination" of the issues, Asche's potential future claims against defendants should be heard by this court. Fed. R. Civ. P. 1. Asche is encouraged to file a motion to reopen the case and amend the complaint once it has heard

from the Copyright Office.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 6] is granted; and
2. The complaint is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   November 24, 2015.

                                           s/David S. Doty
                                           David S. Doty, Judge
                                           United States District Court